**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Lawrence Papi | ) | Bankruptcy No. 09 B 12379 |
| | ) | |
| _____ | ) | Judge Bruce W. Black (Joliet) |
| | ) | |
| Karen Aldrich, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Adv. No. |
| | ) | |
| Lawrence Papi, | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

NOW COMES Karen Aldrich, by and through hr attorneys, Grochocinski, Grochocinski & Lloyd, Ltd., complaining of Defendant Lawrence Papi, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 USC §1334(b) and (d) in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2. This complaint arises under 11 USC §§523(a)(15).

3. This complaint initiates a core proceeding pursuant to 28 USC §157(b)(2)(I).

4. Venue in this District is proper pursuant to 28 USC §1409(a).

### THE PARTIES

5. Defendant is the debtor in the underlying bankruptcy case, and commenced the case by filing a voluntary Chapter 7 petition on April 7, 2009.

6. Plaintiff is a creditor in this case.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Defendant was formerly married to Judy Papi.

8. Defendant and Judy Papi were parties to a dissolution of marriage case, Case No. 05 D3 31247, in the Circuit Court of Cook County, Illinois.

9. Plaintiff represented Judy Papi as her attorney in the said dissolution of marriage case.

## COUNT I—DOMESTIC SUPPORT--§523(a)(15)

10. On July 31, 2007, the Circuit Court of Cook County entered an agreed order in Case No. 05 D3 31247 that provided, *inter alia*, a judgment for Plaintiff and against Defendant in the amount of $12,000, plus 9% annual statutory interest. A copy of the agreed order is attached hereto as Exhibit "A," and the relevant provision is at Page 5, Paragraph 5 of the agreed order.

11. The judgment was for payment of a portion of the attorney's fees owed by Judy Papi to Plaintiff, and was intended by the parties to be in the nature of domestic support.

12. The portion of Judy Papi's attorney's fees payable to Plaintiff, and ordered to be paid by Defendant, is recoverable by Judy Papi, the former spouse of the Defendant.

## COUNT II-POST-PETITION DEBT--§727(b)

13. Between November, 2008, and February, 2009, the Debtor filed various motions in the dissolution of marriage case. Movant moved to strike and dismiss each of the Debtor's motions, and the Circuit Court granted the relief, and struck and dismissed all of the Debtor's motions.

14. Movant has filed a motion for sanctions against the Debtor in the dissolution case, under Illinois Supreme Court Rule 137. The Circuit Court has not yet acted on the motion for sanctions.

15. To the extent the Circuit Court enters an order for sanctions against the Debtor, the Plaintiff's claim will be a post-petition claim, not dischargeable under Section 727(b) of the Bankruptcy Code.

WHEREFORE Karen Aldrich prays as follows:

1. That the her claim for attorney's fees provided for by the agreed order of the Circuit Court of Cook County, Illinois, entered July 31, 2007, by Defendant Lawrence Papi, be deteremined to be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(15);

2. That her claim for sanctions under Illinois Supreme Court Rule 137 be determined to be excepted from discharge pursuant to 11 U.S.C. Section 727(b);

3. For such other and further relief as this honorable Court may deem meet.

                        Respectfully submitted,
                        Karen Aldrich

                        By:_____/s/ David P. Lloyd_____
                              One of her attorneys

David P. Lloyd
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park IL  60462
(708) 226-2700
Fax:  (708) 226-9030