# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Bankruptcy Case No. 09 B 12379 |
| LAWRENCE PAPI, | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| KAREN ALDRICH, | ) | |
| | ) | Adversary Case No. 09 A 00786 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LAWRENCE PAPI, | ) | Honorable Bruce W. Black (Joliet) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Bruce W. Black, United States Bankruptcy Judge.

This matter comes before the court on the motion of debtor Lawrence Papi (the "Debtor")

to dismiss a two-count adversary complaint filed by plaintiff Karen Aldrich (the "Plaintiff") to

determine the dischargeability of a debt owed to her.  For the reasons set forth herein, the court

concludes that the Plaintiff does have standing to pursue a claim to determine dischargeability of

a judgment debt for attorney's fees pursuant to Section 523(a)(5) of the Bankruptcy Code (the

"Code").  Accordingly, as to Count I of the complaint, the Debtor's motion to dismiss is denied.

As to Count II, the court finds that the Plaintiff's claim for sanctions against the Debtor arose

pre-petition and is, therefore, dischargeable under Section 727(b) of the Code.  Thus, the court

grants the Debtor's motion to dismiss, but, the court also grants the Plaintiff leave to amend her

complaint as to Count II.

## JURISDICTION

The court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

According to the complaint in the matter at bar, the Debtor and his former spouse Judy Papi ("Judy") were parties to a dissolution of marriage case in the Circuit Court of Cook County, Illinois. Judy retained the Plaintiff as her attorney to represent her in the proceedings. On July 31, 2007, the Circuit Court entered an agreed order in the case, which provided, among other things, a judgment for the Plaintiff and against the Debtor for payment of a portion of the attorney's fees that Judy owed to the Plaintiff. Specifically, paragraph K of the agreed order stated as follows:

> Judgment is entered against LAWRENCE PAPI and in favor of KAREN ALDRICH, JUDY's attorney in this matter, in the amount of $12,000 for his required contribution towards JUDY's total fees and costs of $23,500 incurred and found to be reasonable and necessary in this matter regarding only child-related issues of custody, visitation and support; 9% annual statutory interest shall accrue on all unpaid balance[s] with LARRY solely responsible for the accrued interest on his allocation of fees/costs; KAREN ALDRICH is permitted to record the appropriate Memorandum(s) of Judgment to reflect the amount due from LARRY of $12,000; LARRY shall pay his share of the fees/costs in monthly installments of at least $200.00 beginning on August 1, 2007 and payable to KAREN ALDRICH each and every month thereafter until paid in full (plus accrued interest).[1]

---

[1] The monthly installment figure of $200.00 was struck through on the order, and the figure $750.00 handwritten above it. The paragraph following K (incorrectly labeled paragraph J) provided for an additional judgment to be paid by Judy to the Plaintiff for "costs advanced" on Judy's behalf by the Plaintiff with respect to the "child-related issues of custody, visitation and support." That judgment was in the amount of $765.00.

Complaint, Ex. A, ¶ K.

During the period from November 2008 to February 2009, the Debtor filed various motions in the dissolution case. The Plaintiff moved to strike or dismiss each of these motions, and the Circuit Court granted relief to the Plaintiff on each occasion. In response to the Debtor's conduct in state court, the Plaintiff filed a motion for sanctions under Illinois Supreme Court Rule 137.[2] That motion is currently pending in the Circuit Court.

On April 7, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of the Code and listed the judgment debt to the Plaintiff on his bankruptcy schedules.[3] Subsequently, on August 27, 2009, the Plaintiff filed a two-count complaint to determine the dischargeability of debt. Specifically, Count I of the complaint seeks a determination that the judgment debt for

---

[2]Illinois Supreme Court Rule 137 provides, in substantive part:

> Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[;] and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee.

Ill. Sup. Ct. R. 137.

[3]According to the Debtor's Schedule F, the claim is disputed and in the amount of $15,000.00.

attorney's fees be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).[4]  Count II asks the court to find the Plaintiff's claim for sanctions excepted from discharge pursuant to 11 U.S.C. § 727(b).

On February 1, 2010, the Debtor filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  According to the Debtor, the Plaintiff lacks standing to pursue her Section 523(a)(5) claim.  As to the Plaintiff's claim for sanctions, the Debtor argues that the debt is contingent or disputed and that it arose before the date of the order for chapter 7 relief.  Accordingly, the Debtor contends, that debt is dischargeable.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), permits a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide whether the plaintiff will ultimately prevail.  *Gibson v. City of Chicago.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Neiman v. Irmen (In re Irmen)*, 379 B.R. 299, 307 (Bankr. N.D. Ill. 2007).  In determining the propriety of dismissal, a court must accept as true all of the allegations of the complaint and draw all reasonable inferences in the plaintiff's favor.  *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005).

---

[4]Count I of the complaint actually seeks relief under Section 523(a)(15) of the Code.  In her response to the Debtor's motion to dismiss, the Plaintiff acknowledges that she "mislabeled the applicable statute" in Count I.  Such an error is not fatal to the Plaintiff's claim.  Under federal "notice" pleading requirements, pleadings need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7008(a)); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).  Although it erroneously refers to Section 523(a)(15), the complaint gives the Debtor adequate notice of the nature and basis of the claim and the type of litigation to be expected.  The Debtor acknowledges that he has not been prejudiced by the Plaintiff's "change of position."

4

### Section 523(a)(5) Claim

The first issue before the court is whether a complaint filed by an attorney asserting that attorney's fees are nondischargeable as a "domestic support obligation" under Section 523(a)(5) states a claim upon which relief can be granted. Specifically, Count I of the Plaintiff's complaint alleges that the judgment debt against the Debtor for attorney's fees is excepted from discharge pursuant to that statutory provision.

The primary purpose of the Code is to grant a "fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (internal quotations omitted). To that end, a discharge entered in a chapter 7 case discharges the debtor from all debts that arose pre-petition, except as provided under Section 523. 11 U.S.C. § 727(b). When determining whether a debt falls within a Section 523 exception, courts usually construe the statute strictly against the creditor and liberally in favor of the debtor. *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992). Thus, the party seeking an exception to discharge generally bears the burden of proving by a preponderance of the evidence that the debt is nondischargeable. *Crosswhite*, 148 F.3d at 881 (*citing Grogan v. Garner*, 498 U.S. 279, 287 (1991)); *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997).

The policy of safeguarding the debtor is tempered, however, when the debt at issue arises from a support obligation to the debtor's spouse, former spouse, or child. *Crosswhite*, 148 F.3d at 881; *Cantwell v. Bearden (In re Bearden)*, 330 B.R. 214, 222 (Bankr. N.D. Ill. 2005). Expressing Congress' determination to ensure that former spouses and children have the financial support they need to protect their welfare, Section 523(a)(5) excepts from discharge any

5

debt for a "domestic support obligation." 11 U.S.C. § 523(a)(5); *see also Levin v. Greco*, 415

B.R. 663, 665 (N.D. Ill. 2009) (*quoting Crosswhite*). "Domestic support obligation" ("DSO") is

defined in Section 101(14A) of the Code as:

> [A] debt that accrues before, on, or after the date of the order for relief in a case
> under this title, including interest that accrues on that debt as provided under
> applicable nonbankruptcy law notwithstanding any other provision of this title,
> that is–
>
> (A)    owed to or recoverable by
>
>> (i)    a spouse, former spouse, or child of the debtor or such child's
>> parent, legal guardian, or responsible relative; or
>>
>> (ii)    a governmental unit;
>
> (B)    in the nature of alimony, maintenance, or support (including assistance
> provided by a governmental unit) of such spouse, former spouse, or child
> of the debtor or such child's parent, without regard to whether such debt is
> expressly so designated;
>
> (C)    established or subject to establishment before, on, or after the date of the
> order for relief in a case under this title, by reason of applicable provisions
> of–
>
>> (i)    a separation agreement, divorce decree, or property settlement
>> agreement;
>>
>> (ii)    an order of a court of record; or
>>
>> (iii)    a determination made in accordance with applicable nonbankruptcy
>> law by a governmental unit; and
>
> (D)    not assigned to a nongovernmental entity, unless that obligation is
> assigned voluntarily by the spouse, former spouse, child of the debtor, or
> such child's parent, legal guardian, or responsible relative for the purpose
> of collecting the debt.[5]

---

[5]Although the Bankruptcy Abuse Prevention and Consumer Protection Act, which applies to all cases filed
on or after October 17, 2005, added the term "DSO" to the Code, that term was developed from the definition of a
nondischargeable debt for alimony, maintenance, and support in former Section 523(a)(5). *See Nelson, Keys &*

11 U.S.C. § 101(14A). Thus, for the debt at issue to be considered a DSO under Section

523(a)(5), the court must determine that the obligation: (1) is owed to or recoverable by Judy; (2)

is in the nature of alimony, maintenance, or support; (3) is established by a court order; and (4)

has not been assigned to a governmental entity. *See id.*

In this case, only the first element is in dispute. That is, the Debtor posits that the

judgment debt is neither "owed to" nor "recoverable by" the Debtor's "spouse, former spouse, or

child" as required by Section 523(a)(5). Instead, because the debt is to be paid to Judy's attorney,

the Debtor contends that the Plaintiff lacks standing to pursue her claim under the statute.[6]

Although Section 523(a)(5) applies on its face only to debts "owed to" or "recoverable

by" a debtor's spouse, former spouse, child, or other enumerated parties, courts have not read the

provision literally. *In re Rios*, 901 F.2d 71, 72 (7th Cir. 1990); *see also Miller v. Gentry (In re

Miller)*, 55 F.3d 1487, 1490 (10th Cir. 1995) (noting that courts "have specifically rejected a

strict plain language interpretation of § 523(a)(5)"). Rather, a majority of courts have held

nondischargeable under Section 523(a)(5) awards of attorney's fees incurred by a spouse, former

spouse, or child in dissolution or support litigation, notwithstanding a provision for direct

---

*Keys, P.C. v. Hudson (In re Hudson)*, Nos. 06-81745, 07-8011, 2007 WL 4219421, at *2 (Bankr. C.D. Ill. Nov. 27, 2007). Accordingly, case law interpreting the former version of Section 523(a)(5) remains relevant and persuasive here. *Id.*

[6]The question of standing involves both constitutional and prudential considerations. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). Constitutional standing requires the plaintiff to show a personal injury "'fairly traceable to the defendant's allegedly unlawful conduct'" and "'likely to be redressed by the requested relief.'" *FMC Corp. v. Boesky*, 852 F.2d 981, 987 (7th Cir. 1988) (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)). To satisfy prudential standing requirements, the plaintiff "generally must assert her own legal rights and interests" and "cannot rest her claim to relief on the legal rights or interests of third parties." *Id.* at 988 (*citing Warth v. Seldin*, 422 U.S. 490, 499 (1975)). That is, the party possessing the right sought to be enforced must be the one pursuing the suit. *See Swearingen v. Cook County Sheriff's Dep't*, 456 F. Supp. 2d 986, 990 (N.D. Ill. 2006). Thus, although he does not indicate as such in his motion to dismiss, the Debtor contests the Plaintiff's prudential standing in this case.

payment to the attorney. *Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 597

(2d Cir. 2002); *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1141 (9th Cir. 1998); *Holliday

v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995); *Miller*, 55 F.3d at 1490; *Dvorak v.

Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir. 1993); *Pauley v. Spong (In re Spong)*, 661

F.2d 6, 11 (2d Cir. 1981).

  The rationale for the holdings has varied. Some courts have explained that payment to a

third party creditor, such as an attorney, is effectively payment to the former spouse if, upon

nonpayment by the debtor, the creditor can collect from the former spouse. *Kline*, 65 F.3d at

751; *Spong*, 661 F.2d at 10-11; *see also Hudson*, 2007 WL 4219421, at *1 (finding that "if the

attorney's client paid the fees, the client would be permitted to obtain reimbursement from the

obligor"); *In re Poole*, 383 B.R. 308, 313 (Bankr. D.S.C. 2007) (noting that debts to be paid

directly to third parties, such as attorney's fees, fall within the Section 523(a)(5) exception if they

are "recoverable by the spouse via further proceedings in the Family Court"); *Simon, Schindler &

Sandberg, LLP v. Gentilini (In re Gentilini)*, 365 B.R. 251, 255 (Bankr. S.D. Fla. 2007) (agreeing

with the *Kline* holding that "a right of payment to a third party [is] . . . deemed to be in substance

a right of payment to a former spouse where the effect of the discharge would be to make the

former spouse liable to that third party").

  Other courts have focused on the nature of the debt, finding that that consideration is

more important than the identity of the payee. *Maddigan*, 312 F.3d at 597 ("The bankruptcy

court's factual determination that [the debtor's] obligation to [the law firm creditor] is in the

nature of support for [the debtor's] child comports with the record in the family court below, the

applicable case law, and congressional intent."); *Chang*, 163 F.3d at 1141 ("Fees paid to third

8

parties on behalf of a child or former spouse can be as much for . . . support as payments made directly to [the former spouse or child]") (internal quotations omitted); *Kline*, 65 F.3d at 751 ("[T]he statute continues to except from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support"); *Miller*, 55 F.3d at 1490 ("[I]t is the nature of the debt that controls"); *Dvorak*, 986 F.2d at 941 ("Because the fees charged by Appellees were incurred during a court hearing that was for [the debtor's child's] benefit and support, . . . we conclude that the fees constitute a nondischargeable debt under § 523(a)(5)"); *Spong*, 661 F.2d at 11 ("[I]t would be exalting form over substance to fail to treat [the debtor's] agreement to pay his wife's counsel fee as a 'debt . . . to a spouse . . . for alimony[,] . . . maintenance . . ., or support'"). According to these courts, debts in the nature of support need not be payable directly to one of the parties specified in Section 523(a)(5) in order to be excepted from discharge. *Id.* Because it is crucial that each party to a matrimonial action be able to adequately represent its interests, attorney's fees have been deemed by courts to be in the nature of support. *Spong*, 661 F.2d at 9; *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295-96 (S.D.N.Y. 1991).

Although the Seventh Circuit has not addressed the issue at bar, it has stated, in dicta, that "awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor." *Rios*, 901 F.2d at 72 (*citing Spong*); *see also Eden v. Robert A. Chapski, Ltd.*, 405 F.3d 582, 586-87 *and* n.1 (7th Cir. 2005). Further, virtually every bankruptcy and district court within the Seventh Circuit that has addressed the issue has adopted the consistent authority of the circuit courts regarding the scope of the exception in Section 523(a)(5). *See, e.g., Levin*, 415 B.R. at

667; *Richards v. Loncar*, 14 B.R. 276, 279-80 (N.D. Ill. 1981); *Hudson*, 2007 WL 4219421, at

*3; *Bearden*, 330 B.R. at 226-27; *In re Allen*, 217 B.R. 247, 249 (Bankr. S.D. Ill. 1998);

*Brennan, Steil, Ryan, Bastin & MacDougall, S.C. v. Rodriguez (In re Rodriguez)*, 22 B.R. 309,

311 (Bankr. W.D. Wis. 1982); *A. A. Legal Clinic, Ltd. v. Wells (In re Wells)*, 8 B.R. 189, 193-94

(Bankr. N.D. Ill. 1981); *Bennett v. Knabe (In re Knabe)*, 8 B.R. 53, 56-57 (Bankr. S.D. Ind.

1981); *Richter v. Pelikant (In re Pelikant)*, 5 B.R. 404, 407-08 (Bankr. N.D. Ill. 1980).

Recognizing the policy and purpose of Section 523(a)(5) and the weight of authority from

other circuits, this court holds that the debt to the Plaintiff for attorney's fees in the instant case is

nondischargeable in bankruptcy under the statutory exception. According to the agreed order

issued by the Circuit Court, the judgment debt to be paid by the Debtor is "his required

contribution [toward] JUDY's total fees and costs . . . incurred . . . in this matter regarding . . .

child-related issues of custody, visitation and support[.]" The proceedings for which these fees

and costs were incurred were clearly for both Judy's and her child's benefit and support.

Moreover, because the amount due and owing to the Plaintiff are "JUDY's total fees and costs,"

Judy will remain liable for the value of the Plaintiff's services rendered to her during the

dissolution proceedings if the Debtor fails to pay. Thus, the Debtor's obligation to pay the

Plaintiff is, in effect, a debt "owed to or recoverable by" Judy.

Despite the overwhelming case law to the contrary, the Debtor urges the court to follow

the holding in *Loe, Warren, Rosenfield, Katcher, Hibbs, & Windsor, P.C. v. Brooks (In re

Brooks)*, 371 B.R. 761 (Bankr. N.D. Tex. 2007). In that case, a law firm that represented a

chapter 7 debtor's former wife in dissolution proceedings filed an adversary complaint against

the debtor, seeking a determination that the judgment debt for the former wife's attorney's fees

10

was nondischargeable under subsections (5) and (15) of Section 523(a).[7]  *Id.* at 762-63.  The

debtor moved to dismiss the complaint under Rule 12(b)(6).  *Id.*  Construing the statutory

provisions according to their plain meaning, the court held that a law firm is not an entity that can

assert a claim for nondischargeable attorney's fees under either subsection (5) or (15) of Section

523(a).  *Id.* at 768.

      As discussed above, a literal interpretation of Section 523(a)(5) has been wholly rejected

by a majority of courts that have considered the issue.  Moreover, in *Brooks*, the state court in the

divorce proceeding designated separate awards for fees that were payable and owed by each party

directly to the law firm.  *Id.* at 762-63.  In fact, the *Brooks* court pointedly noted that the debtor

was not liable either to the firm or to his former spouse for the former spouse's fees, nor was the

former spouse liable to the firm or to the debtor for the debtor's fees.  *Id.* at 763.  In contrast, the

attorney's fees in the case at bar are "JUDY's total fees and costs," a portion of which the Debtor

is required to contribute to.

      For the reasons discussed above, the court holds that, despite the fact that she is not the

Debtor's "spouse, former spouse, or child," the Plaintiff has standing to pursue her claim under

Section 523(a)(5).  Accordingly, the Debtor's motion to dismiss Count I of the complaint is

denied.

### Sanctions Claim

      Count II of the complaint seeks a determination that the Plaintiff's claim for sanctions is

---

[7] Section 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor and
not of the kind described in [Section 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation
or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination
made in accordance with State or territorial law by a governmental unit." 11 U.S.C. § 523(a)(15).

excepted from discharge pursuant to Section 727(b) of the Code, which discharges a debtor from only those "debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Specifically, the Plaintiff contends that the sanctions claim will be a post-petition claim -and therefore nondischargeable- as it will arise only if and when the Circuit Court enters an order for sanctions against the Debtor. In response, the Debtor argues that the debt is contingent or disputed and that it arose pre-petition –when the sanctionable conduct occurred or, alternatively, when the Plaintiff filed the motion for sanctions. Thus, whether the Plaintiff has stated a claim upon which relief can be granted as to Count II requires a determination of the date on which the sanctions claim arose for purposes of classifying it as a pre-petition or post-petition claim.

To determine when a debt arises, the court looks to Section 101(12) of the Code, which defines "debt" as "liability on a claim." 11 U.S.C. § 101(12); *In re Rosteck*, 899 F.2d 694, 696 (7th Cir. 1990). In turn, the Code defines "claim," in relevant part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A).

By defining the term "debt" as "liability on a claim," Congress gave "debt" the same expansive meaning it gave "claim." *Energy Coop., Inc. v. SOCAP Int'l, Inc. (In re Energy Coop., Inc.)*, 832 F.2d 997, 1001 (7th Cir. 1987). Under such a broad definition, "'all legal obligations of the debtor, *no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case.'" *Id.* (emphasis in original) (*quoting* S. Rep. No. 95-989, at 22 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5808; H.R. Rep. No. 95-595, at 309 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6266).

12

Consistent with the broad definitions of "debt" and "claim," a majority of courts follow the conduct theory, under which the date of a claim– and the corresponding debt owed to the creditor–is determined by the date of the conduct giving rise to the claim.[8] *Watson v. Parker (In re Parker)*, 313 F.3d 1267, 1269 (10th Cir. 2002); *Grady v. A.H. Robins Co.*, 839 F.2d 198, 203 (4th Cir. 1988); *Covey v. Hackett (In re Roadrunner Delivery, Inc.)*, Nos. 07-80773, 07-8113, 2007 WL 4553068, at *2 (Bankr. C.D. Ill. Dec. 19, 2007); *Lousberg, Kopp, Kutsunis & Weng, P.C. v. Bonnett (In re Bonnett)*, 158 B.R. 125, 127 (Bankr. C.D. Ill. 1993). In contrast, only a minority of courts use the accrual theory, which determines the date of a claim by the state law under which liability for the claim arose. *Frenville v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332, 337 (3d Cir. 1984). The Seventh Circuit has not addressed the issue, although at least two bankruptcy courts, both in the Central District of Illinois, have adopted the conduct theory. *See Roadrunner Delivery*, 2007 WL 4553068, at *2; *Bonnett*, 158 B.R. at 127.

This court agrees that the conduct theory is the one more consistent with the language in and the policy of the Code. Unlike the accrual theory, which limits claims to only those enforceable as of the petition date, the conduct theory properly includes both contingent and unmatured claims, in accordance with the definitions in the Code. *See Parker*, 313 F.3d at 1269 (adopting the conduct theory "as the one more in tune with the plain language and the policy underlying the Code"); *Roadrunner Delivery*, 2007 WL 4553068, at *2 (finding that the conduct theory "is more consistent with the predominant policy of providing the broadest possible relief

---

[8]In addition to considering when the conduct took place, some courts also examine whether the debtor and the potential claimant had a prebankruptcy relationship. *Watson v. Parker (In re Parker)*, 313 F.3d 1267, 1269 n.1 (10th Cir. 2002). Whether such a relationship should be a part of the inquiry, however, is unresolved. *Covey v. Hackett (In re Roadrunner Delivery, Inc.)*, Nos. 07-80773, 07-8113, 2007 WL 4553068, at *2 (Bankr. C.D. Ill. Dec. 19, 2007). Even if a proper consideration, under the circumstances of the instant case, the fact that the Plaintiff and the Debtor did not have a prebankruptcy relationship does not change the outcome.

13

to debtors as well as the extremely broad definition of 'claim' that was adopted as part of the Bankruptcy Code").

In the present case, the Plaintiff's claim for sanctions is unquestionably "contingent." A "contingent claim" is a claim that has not yet accrued and depends on a future event that may never happen. *Bonnett*, 158 B.R. at 127. Applying the conduct theory to the contingent claim here, from the moment the Debtor purportedly filed motions wrongfully in the state court, the Plaintiff had a claim for sanctions, contingent on the Circuit Court finding in the Plaintiff's favor on the sanctions motion. If the Circuit Court ultimately grants the Plaintiff's motion, the claim for sanctions will constitute a claim that arose before the commencement of the bankruptcy case.

The remedy available to the Plaintiff, then, is to have the debt, if any, determined to be nondischargeable. This remedy is precisely the one that the Plaintiff asserts in her response to the motion to dismiss. That is, the Plaintiff argues that if the court determines that the sanctions claim arose pre-petition, "[t]he Debtor's wrongful conduct in state court, which led to the sanctions motion, was willful and malicious, intended to damage Plaintiff and her financial interest, and supports an allegation that the claim should not be discharged under Section 523(a)(6)."[9]

Despite the Plaintiff's contention, she has neither referred to Section 523(a)(6) in her complaint, nor identified any specific actions that were "willful and malicious" as required by the statutory provision. Notwithstanding these deficiencies, the rules of federal pleading are liberal, *see Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009), and a party may amend a pleading, either

---

[9]Under Section 523(a)(6), a debt may be excepted from discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6).

14

with the opposing party's written consent or with leave of the court, Fed. R. Civ. P. 15(a)(2), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7015. Accordingly, the court grants the Debtor's motion as to Count II. The Plaintiff, however, is given leave to amend her complaint.

**CONCLUSION**

For the foregoing reasons, the Debtor's motion to dismiss Count I of the complaint pursuant to Rule 12(b)(6) is denied. As to Count II, the Debtor's motion to dismiss, also pursuant to Rule 12(b)(6), is granted, with leave given to the Plaintiff to file an amended complaint. This Memorandum Opinion will constitute findings of fact and conclusions of law. A separate judgment will be entered.


DATED:      April 30, 2010          ENTERED:


                                    Bruce W. Black
                                    Bankruptcy Judge